JAMES WENDLAND, District Attorney, Dunn County
Your office, by letter dated March 22, 1976, has requested an opinion relating to the classification of an employe in the county Department of Social Services. You state that an employe in the county Department of Social Services has been classified as a Case Aide I by the County Welfare Board whereas the county administrator takes the position that she should be classified as a Case Aide II. He has requested that you secure an opinion whether the County Welfare Board has the authority to classify personnel within such department or whether such power resides in the County Board of Supervisors by virtue of sec. 59.025, Stats.
I am of the opinion that the power to classify probably rests in neither agency. Positions are subject to classification and reclassification. Individuals are appointed to positions. I further am of the opinion that the establishment and maintenance of the state merit system as prescribed in PW-PA 10, Wisconsin Administrative Code as required by secs. 49.50, 46.22 (6) and59.15 (2) (c), Stats., is a matter of statewide concern and the functions of making appointments to, examinations for, and classifications of positions cannot be transferred to the County Board of Supervisors or a committee thereof. The power of the county board to establish salaries for such positions under sec. *Page 124 
59.15 (2) (C), Stats., is expressly limited by the last sentence of such section. See 63 OAG 580 (1974), 46 OAG 137 (1957).
Federal law, including 42 U.S.C.A. 302 (5) and 602 (a), involving public health and welfare, require that the state plan for administration of old age, AFDC, and other federally assisted programs shall include methods for establishment and maintenance of personnel standards on a merit basis and for the selection, tenure and compensation of employes.
The legislature, in sec. 49.50, Stats., has provided that the Department of Health and Social Services shall adopt and supervise a merit system program applicable to county welfare department employes. Section 49.50 (2), Stats., provides:
 "(2) RULES AND REGULATIONS, MERIT SYSTEM. The department shall adopt rules and regulations, not in conflict with law, for the efficient administration of aid to the blind, old-age assistance, aid to families with dependent children and aid to totally and permanently disabled persons, in agreement with the requirement for federal aid, including the establishment and maintenance of personnel standards on a merit basis. The provisions of this section relating to personnel standards on a merit basis supersede any inconsistent provisions of any law relating to county personnel; but this subsection shall not be construed to invalidate the provisions of s. 46.22 (6)." (Emphasis added.)
Sections 46.22 (1), (2) (b) and (3), Stats., require that the director of the county welfare department and the employes within such department be appointed subject to secs. 49.50 (2) to (5) and the rules promulgated thereunder. The Department of Health and Social Services, through its Division of Family Services, has promulgated rules. Ch. PW-PA 10, Wis. Adm. Code.
Section 46.22 (3), Stats., provides in part:
 ". . . The county director shall recommend to the county board of public welfare the appointment of employes necessary to administer the functions of the department, subject to sub. (6) and s. 49.50 (2) to (5) and the rules promulgated thereunder. The county director shall make recommendations to the county board of supervisors who shall fix the salary of such employes." *Page 125 
This section makes it clear that the power to appoint is in the County Board of Public Welfare and not in the County Board of Supervisors. See also 62 OAG 114 (1973).
I am advised that the Department of Health and Social Services has not delegated the department's authority as permitted by sec. 49.50 (5), Stats., to the county.
Section PW-PA 10.15 (1) (b), Wis. Adm. Code, provides that:
 "(b) Each position in the agency shall be allocated by the division to one of the classifications established by the plan." (Emphasis added.)
 Sections PW-PA 10.06 (34) and (35), Wis. Adm. Code, define re-allocations and reclassifications in the following terms:
 "(34) RE-ALLOCATION. The reassignment of a position to a different pay range or classification in the classification plan with no change in duties and responsibilities.
 "(35) RECLASSIFICATION. (a) Duty changes. The reassignment of a position to a different classification because of changes in the duties and responsibilities of the position.
 "(b) CAREER PROGRESSION. The reassignment of a person to a higher classification in a connected series which has been specifically designed and designated as a career progression series. The advancement is based upon the individual's demonstrated capacity to perform tasks which require a higher degree of functional skills or attainment of specified additional training."
I would observe in conclusion that where questions arise as to whether a position is properly classified, the employe, agency, or other interested party may wish to bring the matter to the attention of the Division of Family Services for review.
BCL:WHW *Page 126